UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tasha R. Brown,<br>        Plaintiff,<br><br><br>                    v.<br><br><br>Blue Max Trucking, Inc.,<br>        Defendant. | CASE NO.:  2:25-CV-4220-DCN-MGB<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant, would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1.  This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2.  The Plaintiff, Tasha R. Brown, is a citizen of the State of South Carolina, and resides in Charleston County, South Carolina.

3.  The Defendant, Blue Max Trucking, Inc., upon information and belief, is a foreign corporation organized in the State of North Carolina and operating under the laws of the State of South Carolina.

4.  The Defendant is an industry that affects commerce within the meaning of the FMLA.

5.  The Defendant is a "person" within the meaning of the FMLA.

6.  The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

7.  All employment practices alleged herein were committed within the State of South Carolina.

8.  The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

9.  This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## **STATEMENT OF FACTS**

11. In or around February 2019, the Plaintiff began working for Defendant as a truck driver. At all times during her employment, the Plaintiff was efficient and effective in her work.

12. During her employment, the Plaintiff suffered from COVID-19 which constitutes a serious health condition as defined by the FMLA.

13. On or about May 25, 2023, the Plaintiff became sick, and she went to MUSC. The Plaintiff was diagnosed with COVID-19 and provided with a note from the doctor to be out of work for a week. Plaintiff also went to her primary care provider to follow up on her ongoing symptoms.

14. On or about May 27, 2023, the Plaintiff provided the note to the Defendant. On or about May 31, 2023, the Plaintiff contacted Defendant so that she could be placed back on the schedule.

15. The Plaintiff was then offered by the Defendant to either resign; be terminated; or she could go back on probation, and lose her bonuses, a pay-cut, and lose her insurance.

16. Also, during Plaintiff's employment, Defendant often pressured her and other drivers to overload their trailers and skip weigh stations against DOT standards. The Plaintiff was always worried that she was going to get a DOT violation against her CDL due to Defendant's business practices.

17. The Defendant's dispatcher does not have a CDL, but she would always tell the Plaintiff to do tasks that would violate DOT standards, and the Plaintiff would refuse.

18. On or about June 6, 2023, while Plaintiff was still out of work, the Plaintiff was terminated while she was out on FMLA leave.

19. The Plaintiff's termination was in direct interference with the rights afforded to her under the FMLA and in retaliation for seeking leave to which she was entitled.

## **FOR A FIRST CAUSE OF ACTION**
### **Violation of the Family and Medical Leave Act – Interference**

20. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

21. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*).

22. Defendant's discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute(s).

23. By promptly terminating the Plaintiff, the Defendant failed to provide adequate medical leave as required by the FMLA and thus interfered with her attempt to secure and utilize such leave.

24. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

25. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

26. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

27. The Defendant's discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute.

28. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*).

29. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

30. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A THIRD CAUSE OF ACTION
### Wrongful Discharge in Violation of Public Policy

31. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

32. That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant were the response of the Defendant, its agents and servants, to Plaintiff's refusal to allow improper and illegal practices of the business due to Defendant's disregard the proper DOT guidelines.

33. That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

34. That the aforesaid wrongful discharge of Plaintiff's employment by the Defendant, its agents and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

35. That as a direct and proximate result of the aforesaid conduct of the Defendant, its agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for back pay to be doubled she would have earned (with related monetary benefits and interest thereon) had she been kept in her proper employment;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to her former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
May 19, 2025.